# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2025

Lyle W. Cayce
Clerk

No. 25-50650
Summary Calendar

———————

Kaukab Khan,

*Plaintiff—Appellant*,

*versus*

Crossover Market, LLC; Trilogy, Inc.

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1011-RP-DH

———————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Proceeding *in forma pauperis*, Plaintiff-Appellant Kaukab Khan, an Indian national, sued Defendant-Appellee Crossover Market, a staffing firm which recruits remote workers on behalf of other companies, including Defendant-Appellee Trilogy. In April 2025, Khan applied for a remote job as a research analyst at Trilogy. According to Khan, despite being qualified

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for the position, his application was rejected after the job listing was altered to require that applicants live in certain time zones to facilitate working with Americans. This requirement excluded Khan, who resides in India.

Khan initiated EEOC charges against Crossover Market and Trilogy. No action was taken by the EEOC. Khan then filed this action in June 2025, contending that Defendants' actions constituted racial and national-origin discrimination in violation of Title VII. He also appears to articulate a claim of Title VII retaliation against both Crossover Market and Trilogy, asserting that he was not hired due to his complaints of discrimination. Khan sought $1,000,000 in compensatory and punitive damages. The magistrate judge recommended dismissal under 28 U.S.C. § 1915(e), and the district court adopted that recommendation and dismissed Khan's claims in August 2025.

We review dismissal of *in forma pauperis* complaints as frivolous for abuse of discretion. *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). District courts shall dismiss a case if the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A "frivolous" claim "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Title VII cannot apply to Khan, as he is a foreign citizen living abroad. *See* 42 U.S.C. § 2000e(f) (Title VII does not apply to employees overseas unless they are American citizens); *Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 524 n.34 (5th Cir. 2001) ("Title VII does not govern aliens employed outside the United States."). Nor may Khan assert a retaliation claim under Title VII, as he was never employed by either of the Defendants. *See* 42 U.S.C. § 2000e(f). Because Khan cannot invoke the protections of Title VII, the district court did not abuse its discretion in dismissing the complaint with prejudice as frivolous.

The judgment of the district court is

AFFIRMED.